SIGURD REVHEIM et al., Respondents-Appellants, v. SAMUEL B. SHANKMAN et al., Appellants-Respondents.

Judgment affirmed, without costs. No opinion. [See *post*, p. 976.] Martin, P. J., Townley, Glennon and Dore, JJ., concur; Untermyer, J., dissents in opinion.

UNTERMYER, J. (dissenting). The complaint was properly dismissed for the reason that under the contract of July 2, 1942, neither the title nor possession of Dome Trading Corporation was jeopardized at the time demand for contribution was made.

The supplemental complaint should likewise have been dismissed on the ground that the oral contract therein alleged was for the sale of choses in action exceeding $500 in value. That contract was within the Statute of Frauds, even though as an incidental part of the transaction it contemplated that releases would be exchanged (see Williston on Contracts, §§ 510, 513, 533, 488 and authorities cited).

The judgment, to the extent appealed from by the defendants, should be reversed and the supplemental complaint dismissed.

BROOKLYN EXCAVATORS, INC., Appellant, v. CITY OF NEW YORK, Respondent. — Judgments, so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.

GEORGE N. RAPEE, Respondent, v. BEACON HOTEL CORPORATION, Appellant, et al., Defendants.— Judgment affirmed, with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Martin, P. J., and Dore, J., dissent and vote to reverse the judgment and dismiss the complaint, on the ground that the proof indisputably established that plaintiff obtained entry into the hotel by means of fraud on a state of facts requiring an inference that it was for an unlawful purpose and cannot have the advantage thereof to recover from defendant.

HERMAN TRIEBITZ, Individually and as an Officer, Director and Stockholder of TREE MARK SHOE COMPANY, INC., and as an Officer and Director of MARBITZ REALTY CORPORATION, Plaintiff, v. JOSEPH MARCUS et al., Respondents. BERTHA TRIEBITZ, Intervener, Appellant.— Order unanimously modified so as to provide that appellant is given leave to intervene and made a party plaintiff herein as an officer and director of Tree Mark Shoe Company, Inc., and a director of Marbitz Realty Corporation, in addition to her intervention as administratrix of the estate of Herman Triebitz, deceased, individually and as a stockholder of Tree Mark Shoe Company, Inc., and that the title of the action be amended accordingly; and as so modified affirmed, with twenty dollars costs and disbursements to the appellant against the respondent, Joseph Marcus. No opinion. Settle order on notice. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.